**[J-36-2016] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

A.S.,

            Appellee

      v.

PENNSYLVANIA STATE POLICE,

            Appellant

: No. 24 MAP 2014
:
: Appeal from the Order of the
: Commonwealth Court at No. 473 MD
: 2012, dated March 7, 2014
:
: ARGUED: March 8, 2016
:
:
:
:

**CONCURRING OPINION**

**JUSTICE DONOHUE**             **DECIDED: August 15, 2016**

The Majority finds that the lifetime registration triggering language under Megan's Law II – "two or more convictions" – is ambiguous, when considered in the context of that statute. Majority Op. at 2. The Majority further finds that the term "two or more convictions" must be interpreted with deference to the recidivist philosophy underlying the statute, a philosophy that is made plain by the graduated scheme of registration the legislature set forth, among other statutory features. Id. Finally, the Majority holds that "the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise triggering a ten-year period of registration," and affirms the award of mandamus relief. Id. I join the Majority as to each of these points, but I write separately to explain the full import, in my view, of the finding that Megan's

Law II embodies a recidivist philosophy, and to explain that our holding does not allow an individual whose first time convictions arise out of multiple first tier (42 Pa.C.S. § 9795.1(a) (repealed)) offenses to escape lifetime registration if the circumstances otherwise warrant it.

First, as this Court has explained, in several contexts, a statute embodying a recidivist philosophy evinces a legislative intent "to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." *See* Commonwealth v. Shiffler, 879 A.2d 185 (Pa. 2005) (applying recidivist interpretation to three strikes sentencing law and concluding that defendant's prior plea of guilty to three counts of burglary counted as only one prior offense); *accord* Commonwealth v. McClintic, 909 A.2d 1241 (Pa. 2006) (again applying recidivist interpretation to three strikes law); Commonwealth v. Jarowecki, 985 A.2d 955 (Pa. 2009) (applying recidivist philosophy to prohibit sentence enhancement under possession of child pornography statute for multiple simultaneous convictions).

In each of the aforementioned cases, application of a recidivist philosophy meant that "enhanced punishment [could not] be imposed unless all of the defendant's prior convictions preceded commission of the principal offense, and each prior offense and conviction occurred in chronological sequence." *See* Jarowecki, 985 A.2d at 962, n. 11 (quoting Cynthia L. Sletto, Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty Under Habitual Offender Statutes,* 7 A.L.R. 5th 263, § 2[a] (1992)). That is to say, "each offense, following the first, must have been

committed after the defendant's conviction of the immediately preceding offense."

Id.

Although a recidivist philosophy typically animates a purely penal statute, it should be given the same effect where, as here, it underlies a statute with both penal and non-penal consequences. *See* Majority Op. at 18 (citing Commonwealth v. Gehris, 53 A.3d at 878-79 (OISR)). Furthermore, the philosophy should be given its full effect regardless of whether a defendant is charged for one act or multiple acts, regardless of whether the conduct comprises a one criminal episode or many, and regardless of the number of victims, direct or indirect. Pursuant to a recidivist philosophy, an "offender is deemed incorrigible not so much because he or she has sinned more than once, but because the offender has demonstrated, through persistent criminal behavior, that he or she is not susceptible to the reforming influence of the conviction process." Shiffler, 879 A.2d at 195. The Majority's sequential interpretation – requiring an act, followed by a conviction, followed by another act – is faithful to this philosophy.

Next, contrary to the Dissenting Opinion of Justice Todd (Dissenting Op. (Todd, J.) at n.1), uniform application of the recidivist philosophy to the registration statute does not afford an unwarranted "volume discount" to registrants who have "sinned more than once." *See* Shiffler, 879 A.2d at 195. The Commonwealth's discretion to bring multiple charges against a defendant, and the trial court's discretion to impose multiple sentences, which may run consecutively as opposed to concurrently, if the trial court sees fit, ensures that a

defendant will be punished based on the severity of his conduct and the quantity of his acts. *See, e.g.,* <u>Commonwealth v. Davidson</u>, 938 A.2d 198, 221 (Pa. 2007) (holding that "charging, trying, convicting and sentencing defendant for multiple counts of possession of child pornography" is proper because each image constitutes a distinct act and abuse of a child).

Moreover, all registration-eligible offenders (including first tier offenders) are required to undergo a sexually violent predator assessment. *See* 42 Pa.C.S. § 9795.4.[1] Pursuant to the statute, anyone, after assessment, deemed to be a sexually violent predator, even if he or she has been convicted of offenses that otherwise trigger a ten-year registration period, is subject to life registration. *See* 42 Pa.C.S. § 9795.1 (repealed).[2] This safeguard is consistent with the statute's

---

[1] Section 9795.4 provides:

> **(a) Order for assessment. --** After conviction but before sentencing, a court shall order an individual convicted of an offense specified in section 9795.1 (relating to registration) to be assessed by the board. The order for an assessment shall be sent to the administrative officer of the board within ten days of the date of conviction.

> **(b) Assessment. --** Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following [factors].

42 Pa.C.S. § 9795.4 (repealed).

[2] Section 9795.1 provides, in relevant part,

(continued…)

overall purpose and recidivist philosophy, reflected by its graduated registration scheme, to subject to lifetime registration only the "more serious (primarily violent) offenders and 'true' recidivists who squander a given opportunity to reform." *See* <u>Gehris</u>, 53 A.3d at 878-79 (OISR). Justice Todd's view that Section 9795.1(b)(1) cannot possibly apply solely to recidivists – because such an interpretation would allow a serial, violent sex offender, who happens to evade prosecution in between the commission of his criminal acts, to avoid lifetime registration – is without merit, given the existence of Section 9795.1(b)(3). *See* Dissenting Op. (Todd, J.) at n.1.

---

(…continued)

    **(b) Lifetime registration.--**The following individuals shall be subject to lifetime registration:

                *     *     *

    (3) Sexually violent predators.

42 Pa.C.S. § 9795.1 (repealed).